

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIE E. FEHR | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 13-01871 |
| | : | |
| vs. | : | (Judge Brann) |
| | : | |
| SUS-Q CYBER CHARTER SCHOOL | : | (Magistrate Judge Saporito) |
| | : | |
| Defendant. | : | |

MEMORANDUM

I.   Nature of Proceedings:

This matter is before the court on the plaintiff's motion for leave to amend the complaint. (Doc. 28).

II.   Statement of Facts:

The court incorporates by reference the statement of facts set forth in the Report and Recommendation dated September 5, 2014 (Doc. 27) by Magistrate Judge Blewitt.[1]   In addition, for purposes of deciding the instant motion to amend, the plaintiff seeks leave to amend her complaint to include a count under

---

[1] The Report and Recommendation was adopted by the Court (Brann, J.) on September 30, 2013. (Doc. 30).

the Pennsylvania Human Relations Act. ("PHRA"). The original complaint (Doc. 1) alleged a single count of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). A review of the original complaint reflects that the plaintiff alleged her intention to amend at the expiration of the one year statutory waiting period of the PHRA. (Doc. 1, ¶ 17). Further, in her prayer for relief, the plaintiff asked for damages for pain, suffering, and humiliation under the PHRA in the event of an amendment.[2] (Doc. 1, pp. 9-10).

Moreover, attached to the plaintiff's reply brief (Doc. 32) is a copy of her initial Rule 26(a) disclosures. In paragraph "C" of the disclosures, the plaintiff again disclosed her intention to seek "damages for pain, suffering, humiliation, and emotional distress...." The plaintiff asserts that she was deposed on the issue of pain, suffering, and humiliation, (Doc.23-3 p. 227). A review of her deposition reflects that defense counsel did, in fact, inquire about the plaintiff's alleged pain, suffering, and humiliation. (Id.)

III. Law and Discussion:

Federal Rule of Civil Procedure 15(a) sets out the standard for granting leave to amend a complaint when, as is the case here, a responsive pleading has been served: "a party may amend its pleading only with the opposing party's

---

[2] These damages are available under the PHRA but not under the ADEA.

2

written consent or the court's leave." Fed.R.Civ.P.15(a)(2). The Rule clearly states that "[t]he court should freely give leave when justice so requires." _Id._ Nonetheless, the policy favoring liberal amendments is not "unbounded." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir.1990). The decision whether to grant or to deny a motion for leave to amend rests within the sound discretion of the district court. _Foman v. Davis_, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); _Waterfront Renaissance Assoc. v. Phila._, 701 F.Supp.2d 633, 639 (E.D.Pa.2010). A district court may deny leave to amend a complaint where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." _Lake v. Arnold_, 232 F.3d 360, 373 (3d Cir.2000) (citing _Foman_, 371 U.S. at 182, 83 S.Ct. 227). We discuss each of the three criteria below.

The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay. Adams v. Gould, Inc., 739 F.2d 858, 868. In fact, delay alone is an insufficient ground to deny leave to amend. Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n., 573 F.2d 820, 823 (3d Cir.1978). However, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." _Adams_, 739 F.2d at 868. Delay may

become undue when a movant has had previous opportunities to amend a complaint. See <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1414 (3d Cir.1993) (three year lapse between filing of complaint and proposed amendment was "unreasonable" delay where plaintiff had "numerous opportunities" to amend); see also <u>Rolo v. City Investing Co. Liquidating Trust</u>, 155 F.3d 644, 654–55 (3d Cir.1998) (rejecting proposed second amended complaint where plaintiffs were repleading facts that could have been pled earlier).

Here, the plaintiff correctly asserts that when she filed her complaint in July, 2013, she was unable to include a PHRA count in her complaint because the one year statutory time period set forth in the PHRA had not expired. (Doc. 29, ¶5). The plaintiff was able to assert a PHRA claim in a court of competent jurisdiction on or after August 20, 2013. See 43 P.S. §962 (c)(1). She requested leave to amend the complaint on September 23, 2014 (Doc. 28), approximately thirteen months after the first opportunity to seek consent of the defendant or leave of court. Although the plaintiff offers no further explanation for the delay in seeking leave to amend, the record does not reflect, nor does the defendant maintain, that the plaintiff engaged in bad faith or dilatory motives. As delay alone is an insufficient ground to deny leave to amend, we see no basis to deny leave for the thirteen month delay. <u>Cornell & Co, Inc.</u>, 573F.2d at 823.

We do not find that the amendment would be futile. "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be

4

granted. In assessing "futility," the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir.2000) (citations omitted). Under this standard, a court must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. See Vallies v. Sky Bank, 432 F.3d 493, 494 (3d Cir.2006) (citing Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir.1988)). As the Third Circuit has held: "[T]he PHRA is to be interpreted as identical to the federal anti-discrimination laws except where there is something specifically different in its language requiring that it be treated differently." Slagle v. County of Clarion, 435 F.3d 262, 265n. 5 (3d Cir. 2006) (citing Fasold v. Justice, 409 F.3d 178, 184 n.8 (3d Cir. 2005)). Magistrate Judge Blewitt's Report and Recommendation dated September 5, 2014 (Doc. 27) which was later adopted by the Court (Doc. 30) (Brann, J.) denied the Defendant's motion for summary judgment. Therefore , the issues in the PHRA proposed amended count would be decided similarly to the issues of the ADEA count. Thus, we incorporate the analysis set forth in the Report and Recommendation on the ADEA claim and determine that the proposed PHRA claim would survive the standards of a Rule 12 (b)(6) motion.

We now turn to the issue whether the amendment would prejudice the defendant. Substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend. Lorenz, 1 F.3d at 1414. The issue of prejudice requires that we focus on the hardship to the defendant if the amendment were permitted. Adams, 739 F.2d at 868. The burden is on the nonmoving party to establish prejudice and the burden is high. Dole v. Arco Chem. Co., 921 F.2d 484, 488 (3d Cir.1990). The nonmoving party has a heavier burden than merely claiming prejudice, it must show that an unfair disadvantage or deprivation will result by allowing the amendment. Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous., Inc., 663 F.2d 419, 426 (3d Cir.1981). Prejudice has been defined as "undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." Hesling v. Avon Grove Sch. Dist., 428 F. Supp.2d 262, 278 (E D. Pa.2006) (Deakyne v. Comm'rs of Lewes, 416 F.2d 290, 300 (3d Cir.1996)). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. See Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004). To successfully oppose a plaintiff's

motion, the defendant must "demonstrate that [their] ability to present [their] case would be seriously impaired were amendment allowed." Dole, 921 F.2d at 488.

Specifically, we have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories and find none. Also, granting the amendment will not significantly delay the resolution of the dispute nor will it prevent a party from bringing a timely action in another jurisdiction. Finally, granting the amendment will not seriously impair the defendant's presentation of its case.

IV. Conclusion:

For all of the foregoing reasons, the court will grant plaintiff's motion for leave to amend complaint.

An appropriate Order will be issued.

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: February 23, 2015