IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIE E. FEHR, | : | No. 4:13-cv-01871 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| SUS-Q CYBER CHARTER SCHOOL, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

October 20, 2015

This Memorandum and the subsequent Order dispose of the four contested Motions in Limine in this case. Two Motions were filed by Defendant Sus-Q Cyber Charter School and two by Plaintiff Julie E. Fehr. As further detailed below: (1) Defendant's Motion in Limine to preclude Plaintiff from offering any expert evidence or testimony at trial is GRANTED; (2) Plaintiff's Motion in Limine to permit Plaintiff to call certain witnesses "as on cross-examination" is GRANTED IN PART AND DENIED IN PART; (3) Defendant's Motion in Limine to preclude Plaintiff's testimony or additional evidence regarding her efforts to obtain employment is DENIED; and (4) Plaintiff's Motion in Limine to preclude Defendant from calling certain witnesses at trial not identified in mandatory Fed. R. Civ. P. 26(a)(1) disclosures is DENIED.

## I.     Defendant's Motion in Limine to preclude Plaintiff from offering any expert evidence or testimony at trial is GRANTED.

Defendant argues that this Court should preclude Plaintiff from offering any expert evidence or testimony at trial because Plaintiff submitted no expert reports before the deadline set forth in the parties' amended joint case management plan, did not supplement an expert interrogatory served by Defendant, and did not identify any experts in its pretrial memorandum. See ECF No. 60 at 2–3. Specifically, Defendant "anticipates that Plaintiff will attempt to proffer expert reports and/or testimony as to Plaintiff's damages." Id. at 3. Plaintiff responds that "Defendant's motion is principally moot" because "she will not be calling an expert at trial, but reserves the right to cross-examine Defendant's expert if called to testify in its case-in-chief." ECF No. 67 at 1.

It is well established that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). The deadline set forth in the parties' amended joint case management plan for Plaintiff to disclose any reports from

retained experts was January 20, 2014. ECF No. 18 at 8. Because Plaintiff did not disclose any experts in accordance with these rules and deadlines, she is precluded from offering any expert evidence or testimony at trial.

In her brief, Plaintiff relies on Maxfield v. Sinclair Int'l, 766 F.2d 788, 797 (3d Cir. 1985) (Sloviter, J.), for the propositions that "a plaintiff can testify to her past earnings without an expert" and that "Plaintiff's future earnings can be quantified based upon her former earnings history with the company." ECF No. 67 at 1–2. The Court reminds Plaintiff that Maxfield presented very limited circumstances, a "request for front pay" based "only upon his former earnings history" that did not involve "projections in earnings for which expert testimony was required." Maxfield, 766 F.2d at 797.

Moreover, Maxfield predated the 2000 Amendment to Rule 701, which added a new requirement for admissibility of "technical" or "specialized" testimony now found at Fed. R. Evid. 701(c) (precluding lay testimony "based on scientific, technical, or other specialized knowledge"). Subsequent Third Circuit decisions have observed that the 2000 Amendment "added a new requirement for admissibility" and have "question[ed] the vitality of [pre-Amendment cases] in light of the additional requirement." Donlin v. Philips Lighting N. Am. Corp., 581 F.3d 73, 82 (3d Cir. 2009) (Hardiman, J.). To that end, the Third Circuit has invalidated testimony by a lay witness in similar factual circumstances that had

"crossed the line into subject areas that demand expert testimony." Id. at 83. This included "testimony regarding the component of [ ] back pay damages" as well as "front pay" testimony involving an "estimate of the annual pay raises," "estimated pension value," and "discounts [ ] made for the probability of death to find the present value." Id.

Moreover, in Eichorn v. AT&T Corp., 484 F.3d 644, 649–50 (3d Cir. 2007) (Jordan, J.), the Third Circuit upheld a district court's decision to exclude a lay witness's damages testimony and spreadsheets, explaining:

> In excluding Mr. Crowley's evidence, the District Court was within the broad discretion afforded it under Federal Rules of Evidence 701 and 702 to act as a gatekeeper charged with preventing unreliable opinion testimony. Although this court has recognized that lay opinion as to technical matters may sometimes be appropriate, we have cautioned that Rule 701 requires that a lay opinion witness have a reasonable basis grounded either in experience or specialized knowledge for arriving at the opinion that he or she expresses . . . . [T]he trial judge should rigorously examine the reliability of the lay opinion by ensuring that the witness possesses sufficient special knowledge or experience which is germane to the lay opinion offered.

(internal citations and quotations omitted).

In sum, the Court puts both parties on notice that it takes seriously its gatekeeper role under the Federal Rules of Evidence. If Plaintiff seeks to proffer damages testimony by a lay witness at trial, it should be prepared to address the reliability issues raised by the Third Circuit in its post-2000 Amendment cases. The Court will be open to hearing an oral objection from Defendant if it contends

that Plaintiff's testimony violates Rule 701. The Court also respectfully forewarns

both parties that it will look very unfavorably on an attempt by either party to

circumvent this or any other pretrial ruling.

## II.   Plaintiff's Motion in Limine to permit Plaintiff to call certain witnesses "as on cross-examination" is GRANTED IN PART AND DENIED IN PART.

In its proposed pretrial witness list, Plaintiff indicated that it may seek to call

five witnesses "as on cross-examination." Those witnesses are: (1) Karen Shipman,

Defendant's former CEO; (2) Wendy Calarco, Defendant's former Curriculum

Supervisor; (3) Barbara Martz, a former student testing monitor employed by

Defendant; (4) Paula Onisick, a former special education teacher employed by

Defendant; and (5) Cynthia Schroll, currently a teacher employed by Defendant.

ECF No. 52 at 1; ECF No. 71 at 4–5.

During the Court's final pretrial conference with the parties, Defendant

raised the issue of Plaintiff's ability to call all of those witnesses "as on cross-

examination," particularly those on the list who are now only former employees

and who have never served Defendant in a managerial capacity. ECF No. 71 at

1–2. Defendant's primary contention is that "those witnesses, despite being former

employees of Defendant, are potentially adverse to Defendant and allowing

Plaintiff to call those witnesses as on cross examination . . . may severely prejudice

Defendant's position." Id. at 2. Plaintiff responds that each of its proposed

witnesses falls within Fed. R. Evid. 611(c)(2)'s allowance for leading questions when examining "a witness identified with an adverse party." ECF No. 70 at 2. The Court believes that both parties' arguments have merit and that at this time, the proper response lies somewhere between both litigants' proposed resolutions.

"The object of examination is to get the facts. Whether direct or cross questions best serve that end depends on the circumstances." United States v. McLaughlin, No. CRIM.A. 95-CR-113, 1998 WL 966014, at *1 (E.D. Pa. Nov. 19, 1998) (quoting Mitchell v. United States, 213 F.2d 951, 956 (9th Cir.1954)). "The trial judge is in the best position to make such a determination." McLaughlin, 1998 WL 966014, at *1. "This should come [as] no surprise to either party as the procedure of calling a witness as if on cross-examination is commonly employed in this District." Caso v. Luzerne Cnty., No. 3:13-CV-02253, 2015 WL 4877817, at *3 (M.D. Pa. Aug. 13, 2015) (Mariani, J.).

Disposition of this Motion requires precise attention to both an undeveloped legal issue and the particular facts that pertain to each of the five contested witnesses. Federal Rule of Evidence 611(c)(2) provides that "[o]rdinarily, the court should allow leading questions . . . when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." (emphasis added). "The term 'witness identified with an adverse party' is intended to apply broadly to an identification based upon employment by the party or by virtue of a demonstrated

connection to an opposing party." <u>McLaughlin</u>, 1998 WL 966014, at *1. "The

normal sense of a person 'identified with an adverse party' has come to mean, in

general, an employee, agent, friend, or relative of an adverse party." <u>Vanemmerik</u>

<u>v. The Ground Round, Inc.</u>, No. CIV.A. 97-5923, 1998 WL 474106, at *1 (E.D.

Pa. July 16, 1998). <u>See, e.g.,</u> <u>Haney v. Mizell Mem'l Hosp.</u>, 744 F.2d 1467, 1478

(11th Cir. 1984) ("[Witness], an employee of one of the defendants present when

the alleged malpractice may have occurred, certainly was identified with a party

adverse to [Plaintiff].").

Whether a former employee is properly considered "a witness identified

with an adverse party" is an unsettled inquiry whose resolution is often fact-

dependent. In analyzing whether a former employee falls within the scope of the

term "a witness identified with an adverse party," courts have come to differing

conclusions based upon both the former employee's managerial or representative

capacity as well as her involvement in the particular transactions or occurrences

that gave rise to the litigation. <u>Compare</u> <u>Stahl v. Sun Microsystems, Inc.</u>, 775 F.

Supp. 1397, 1398 (D. Colo. 1991) (finding leading questions appropriate because

"[a]lthough [witness] is no longer employed by [Defendant], she is clearly

identified with Defendant, both through her previous employment and her ongoing

relationship with . . . a key witness who attended the trial on behalf of

[Defendant]"), <u>and</u> <u>N.L.R.B. v. Sw. Colorado Contractors Ass'n</u>, 379 F.2d 360,

365 (10th Cir. 1967) (finding leading questions appropriate under similar statutory provision because "[b]y virtue of [former employee's] status as the proprietor of one of the respondent firms as well as his former official position within [the Defendant] Association, his interests and sympathies were clearly aligned with those of the other respondent"), with Radice v. Meritor Sav. Bank, Inc., No. CIV. A. 89-6914, 1993 WL 56044, at *2 (E.D. Pa. Mar. 2, 1993) (finding that witness "was not prima facie a hostile witness at the time plaintiff sought to call him" because he was dismissed as a defendant at summary judgment, "was no longer employed by [Defendant]," and "was not involved in the internal process that led to the decision to terminate" being litigated).

In accordance with the above-cited authority and in considering all of the relevant factors that bear upon a witness's association with a party, the Court will grant in part and deny in part Plaintiff's Motion. According to Defendant, ECF No. 71 at 4–5, Ms. Schroll is currently employed by Defendant. She therefore is "a witness identified with an adverse party," and Plaintiff may thus question Ms. Schroll as on cross-examination. Defendant also seems to concede in its brief that Ms. Shipman is appropriately characterized as adverse to Plaintiff. See ECF No. 71 at 4 ("One witness listed by Plaintiff that could potentially be characterized as adverse to Plaintiff is Karen Shipman, the former school CEO."). Given this admission in combination with Ms. Shipman's executive role with Defendant

during the relevant time period, Plaintiff is permitted to question Ms. Shipman as on cross-examination.

With regard to the remaining three witnesses listed by Plaintiff, the Court agrees with Defendant that Plaintiff may not call them as on cross-examination purely as a matter of right. Id. The Court agrees that without more evidence, it is unable to conclude that Ms. Calarco, Ms. Martz, or Ms. Onisick are sufficiently adverse in the present matter to warrant questioning as on cross-examination. Though the Court's preference is for pretrial matters such as these to be fully settled prior to the commencement of trial, in the case of this Motion, it advises both parties that "[e]ven if a witness is not deemed to be 'identified with an adverse party,' the court may find the witness to be 'hostile' and therefore subject to leading questions." Vanemmerik, 1998 WL 474106, at *2. "This classification usually involves a showing by the examining party that the witness is biased against the direct examiner, his/her client or both and often is demonstrated by examples of that witness['s] demeanor." Id. Thus, Plaintiff will be precluded from calling Calarco, Martz, and Onisick as on cross-examination absent a sufficient factual showing of hostility at trial.

III.  **Defendant's Motion in Limine to preclude Plaintiff's testimony or additional evidence regarding her efforts to obtain employment is DENIED.**

Defendant suggests that his Court should preclude "admission at trial of

Plaintiff's testimony or any evidence regarding Plaintiff's efforts to obtain

employment subsequent to her provision of discovery responses on November 4,

2013." ECF No. 59 at 1. In its first set of interrogatories, Defendant asked Plaintiff

to "identify and describe all efforts you made to secure employment from the date

of termination of your employment with [Defendant] to the present . . . ." Id. at 2.

Plaintiff responded to a similar question during her deposition. Id. at 3. Plaintiff

has not supplemented her discovery responses pursuant to Fed. R. Civ. P. 26(e). Id.

Plaintiff, however, contends that the responses already supplied to Defendant are

"more than adequate to establish that she has mitigated her damages," "that the

passage of time since the close of discovery has, in [Defendant's] view, rendered

an update necessary for the sake of completeness," and that this ultimate issue is "a

question to be resolved by the good judgment of the jury." ECF No. 66 at 2–4. The

Court is inclined to resolve this dispute in Plaintiff's favor.

"Although we recognize that under our legal system counsel owe a duty to

each other and to the court to be candid in their pleadings and in discovery and not

to lay a trap for the unwary by artful pleading or half-truths, not every ambiguous

answer warrants a sanction as extreme as that imposed in the instant case." Dudley

v. S. Jersey Metal, Inc., 555 F.2d 96, 99 (3d Cir. 1977) (Rosenn, J.). "[T]he

exclusion of critical evidence is an extreme sanction, not normally to be imposed

absent a showing of willful deception or flagrant disregard of a court order by the

proponent of the evidence. <u>Meyers v. Pennypack Woods Home Ownership Assn.</u>, 559 F.2d 894, 905 (3d Cir. 1977) (Rosenn, J.) (internal citations and quotations omitted). To exclude evidence is within the Court's purview, but "determinations to exclude evidence before the challenging party has an opportunity to develop the record are unfair and improper." <u>Inline Connection Corp. v. AOL Time Warner Inc.</u>, 472 F. Supp. 2d 604, 611–12 (D. Del. 2007) (citing <u>In re Paoli R.R. Yard PCB Litig.</u>, 916 F.2d 829, 859 (3d Cir.1990) (Becker, J.)).

In <u>Meyers</u>, Judge Max Rosenn, speaking for the Third Circuit, set forth several factors for district courts to weigh when evaluating motions seeking to exclude evidence. In addition to "the importance of the excluded testimony," those factors include: "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order." <u>Id.</u> at 904–05.

Given Plaintiff's existing disclosures on the matter, the Court does not find sufficient grounds at this time to conclude that Defendant has been prejudiced by Plaintiff's alleged failure to provide supplemental details regarding her mitigation efforts. See <u>Lozano v. City of Hazleton,</u> 241 F.R.D. 252, 256 (M.D. Pa. 2007)

(Munley, J.) ("We find no credible claim of prejudice related to this alleged delay in supplementing plaintiffs' answers to defendant's interrogatories."). See also Carnathan v. Ohio Nat. Life Ins. Co., No. CIV. A. 1:06-CV-999, 2008 WL 4000392, at *2 (M.D. Pa. Aug. 25, 2008) (Kane, C.J.) ("[Fed. R. Civ. P. 37(c)(1)] expressly provides that sanctions should not be applied if the failure to disclose was harmless. Interpreting this language as a safety valve, the Third Circuit held that the trial court still has discretion to avoid the harsh sanction of excluding testimony . . . ."). Moreover, the Court recognizes the centrality of the mitigation issue to claims such as Plaintiff's as well as the ability to cure any prejudice through pre-trial notification detailed below. Considering the final Meyers factor, the Court does not find any bad faith on Plaintiff's part in not providing Defendant additional mitigation details given the extent of her prior responses and testimony.

In light of the foregoing analysis, the Court would expect Plaintiff's testimony on mitigation to be largely consistent in form and quantity with those efforts already disclosed in Plaintiff's responses and deposition testimony. To the extent that Plaintiff intends to offer testimony of mitigation efforts that vary significantly from  those already disclosed or that would risk prejudicing the Defendant through undue surprise, the Court encourages Plaintiff to disclose such efforts via brief ECF letter in a reasonable time prior to trial. The Court is also open to hearing an oral objection from Defendant at trial should it believe such

surprise or prejudice has arisen at that time.

IV.    Plaintiff's Motion in Limine to preclude Defendant from calling certain
       witnesses at trial not identified in mandatory Fed. R. Civ. P. 26(a)(1)
       disclosures is DENIED.

Here, Plaintiff argues that although Defendant "intends to call Robyn Barrett

as a witness at trial," it omitted Ms. Barrett's name from its "Rule 26(a)(1)

disclosures" as well as from a response to an interrogatory seeking similar

information. ECF No. 56 at 1. Plaintiff claims that it "will be prejudiced insofar as

Defendant has violated Rule 26." Id. In response, Defendant suggests that Ms.

Barrett was "previously disclosed by Plaintiff . . . as a person potentially

possessing information about [Plaintiff's] claims" and that Defendant "was

unaware at the time of its Initial Disclosures that Robyn Barrett had information

relevant to [Plaintiff's] claims." ECF No. 65 at 2. Under those circumstances,

Defendant suggests that "it was not required to supplement its Initial Disclosures

or discovery responses." Id.

The Court incorporates the applicable legal standard from its discussion of

Defendant's Motion in Limine to preclude mitigation testimony, Part III, supra.

For similar reasons as those discussed in Part III, the Court is inclined to view this

dispute in Defendant's favor and to deny Plaintiff's Motion. As Plaintiff herself

noted, "[t]here are undoubtedly a number of employees that work for the

Defendant," ECF No. 68 at 2–3, which makes early identification of all relevant

witnesses in this dispute less precise than might otherwise be ideal. Though

Plaintiff contends that this clarification should have been made in conjunction with

the Federal Rules of Civil Procedure's affirmative duty to supplement, the Court is

satisfied that admitting Ms. Barrett's testimony is appropriate under the

circumstances. Ms. Barrett is the only witness about whose testimony Plaintiff

raises this particular argument, Plaintiff describes her as "an innocuous librarian,"

ECF No. 68 at 3, and Defendant listed her among its witnesses in its pre-trial

conference memorandum, which offered a brief, although sufficient, window for

the parties to cure the omission. As Defendant points out, Plaintiff has "simply

failed to depose her, just as she failed to depose other witnesses disclosed by her

and listed as defense witnesses." ECF No. 65 at 4.

Further, regardless of the exact time at which Defendant was made aware of

Ms. Barrett, Plaintiff's deposition testimony regarding Ms. Barrett was sufficient to

put Plaintiff on notice that Ms. Barrett potentially possessed knowledge relevant to

the claims and defenses at issue here. The Court finds little prejudice from

Defendant's omission of a particular witness in certain of its disclosures if Plaintiff

herself was already aware of that witness and her general involvement in the

instant matter. See Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div., 60

F.3d 153, 156 (3d Cir. 1995) (Greenberg, J.) (finding no abuse of discretion where

district court permitted witness to testify despite opposing party's potential failure

to receive witness list, because the opposing party "knew the names of its witnesses and the scope of their relevant knowledge well before trial" and because "there [was] no reason to believe that [proponent] acted in bad faith"); Envtl. Equip. & Serv. Co. v. Wachovia Bank, N.A., 741 F. Supp. 2d 705, 721–22 (E.D. Pa. 2010) (Brody, J.) (finding no abuse of discretion where district court permitted admission of certain evidence that was not disclosed prior to the conclusion of discovery, because opposing party could not "claim to be prejudiced or surprised" by evidence that was previously referenced in other disclosures and case filings).

In addition, the Court is unaware of any evidence in the record suggesting that Defendant's failure to disclose Ms. Barrett earlier was willful or the product of a desire to surprise or otherwise prejudice Plaintiff. Cf. DCK TTEC, LLC v. Postel Indus., Inc., 602 F. App'x 895, 898 (3d Cir. 2015) (Krause, J.) ("Further, [Defendant] does not contest the uncontroverted fact that it failed to follow FRCP Rule 26's disclosure requirements, and the District Court's conclusion that [Defendant] did so in bad faith to surprise DCK is supported by the record."); Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997) (Alito, J.) (reserving exclusion for the exceptional case in which the offending party acted in "flagrant disregard" of a court order and had affirmatively prejudiced the opposing party).

Finally, the Court believes that this outcome is consistent with the manner in

which it disposed a similar Motion in Limine filed by Defendant in Part III, <u>supra</u>.

Given that each party filed a Motion in Limine seeking exclusion for alleged

disclosure violations, the Court is largely of the opinion that the parties, in a

cooperative manner, "should have attempted to cure [any] prejudice before

requesting such an extreme sanction." <u>Envtl. Equip. & Serv. Co.</u>, 741 F. Supp. 2d

at 722.

## V.   Conclusion

In sum: (1) Defendant's Motion in Limine to preclude Plaintiff from

offering any expert evidence or testimony at trial is GRANTED; (2) Plaintiff's

Motion in Limine to permit Plaintiff to call certain witnesses "as on cross-

examination" is GRANTED IN PART AND DENIED IN PART; (3) Defendant's

Motion in Limine to preclude Plaintiff's testimony or additional evidence

regarding her efforts to obtain employment is DENIED; and (4) Plaintiff's Motion

in Limine to preclude Defendant from calling certain witnesses at trial not

identified in mandatory Fed. R. Civ. P. 26(a)(1) disclosures is DENIED.

An appropriate Order follows.


BY THE COURT:


<u>/s Matthew W. Brann</u>
Matthew W. Brann
United States District Judge